IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Franklin Antonio Benjamin #126806,<br><br>PLAINTIFF<br><br>v.<br><br>South Carolina Department of Corrections; Rysheema Davis,<br><br>DEFENDANTS | Case No. 9:20-cv-01673-TLW<br><br><br>**Order** |

Plaintiff Franklin Antonio Benjamin, a South Carolina Department of Corrections (SCDC) inmate proceeding pro se, filed this civil action alleging that the Defendants violated his Eighth Amendment rights by refusing to modify his diet and failing to provide a proper a diet. ECF No. 1. Defendants filed a motion for summary judgment on December 28, 2020 arguing that (1) Benjamin's rights were not violated; (2) qualified immunity precludes a claim against Defendant Davis; and (3) the Eleventh Amendment precludes the claims against Defendant SCDC. ECF No. 25. Benjamin filed a response in opposition to Defendant's motion on January 26, 2021. ECF No. 28. The matter now comes before the Court for review of the Report and Recommendation filed by the magistrate judge to whom this case was assigned. ECF No. 30. In the Report, the magistrate judge recommends that the Defendants' motion be granted. Benjamin filed objections to the Report, ECF No. 32, and the Defendants replied, ECF No. 33. Benjamin subsequently filed a sur reply to the Defendant's response. ECF No. 35. This matter is now ripe for decision.

1

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. The Court notes that Benjamin has presented evidence that demonstrates he has been proscribed medication to treat hypertension. However, he has not established a serious medical need for a specialized diet, nor is there evidence that a medical provider has instructed that there be a special diet. The Court embraces the analysis in Section II B of the Report which outlines the relevant facts and caselaw that applies in concluding that Defendants' motion for summary judgment be granted. Therefore, the Court agrees with the Report that "there is no evidence of record that Defendant Davis was deliberately indifferent to a serious medical or basic human need." ECF No. 30 at 7. The Court also agrees that the Defendants are entitled to Eleventh Amendment immunity.

After careful review of the Report and the objections, and for the reasons stated by the magistrate judge, the Report is **ACCEPTED**. The Defendants' motion for summary judgment, ECF No. 25, is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 16, 2021
Columbia, South Carolina